**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR F. CALDERON,<br><br>                     Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                     Respondent. | No.   15-73310<br><br>Agency No. A095-006-539<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Victor F. Calderon, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Calderon's motion to reopen as untimely, where Calderon filed the motion more than two years after his final administrative order of removal, he failed to establish the due diligence required for equitable tolling of the filing deadline, and he did not present sufficient evidence to qualify for any regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the petitioner exercises due diligence in discovering such circumstances); *see also Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (statements by counsel are not evidence).

We do not consider the extra-record information discussed in Calderon's opening brief because the court's review is normally limited to the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED.**

15-73310